**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30229 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00121-SPW-1 |
| v. | |
| WILLIAM WOODROW SPRINGFIELD, Sr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted October 2, 2017[**]
Seattle, Washington

Before: WARDLAW, CLIFTON, and OWENS, Circuit Judges.

Defendant William Springfield appeals from the district court's denial of his

motion to suppress. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Even if Springfield has standing to challenge the search of the vehicle, the motion to suppress the evidence obtained through that search was properly denied. The district court found that the search of the car would have occurred anyway, even if Springfield had not been arrested and searched. That finding was not clearly erroneous. The officers testified that an inventory search of a stolen vehicle was standard procedure. *See United States v. Mota*, 982 F.2d 1384, 1387 (9th Cir. 1993). It is not disputed that the vehicle had been reported stolen. Because the methamphetamine "ultimately or inevitably would have been discovered by lawful means," the inevitable discovery doctrine applies. *Nix v. Williams*, 467 U.S. 431, 444 (1984).

**AFFIRMED.**